# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JONATHAN ELLIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ) <br> ADMINISTRATION, Commissioner, ) <br> ) <br> Defendant. ) | Case No.: 4:18-cv-00010-SGC |

## **MEMORANDUM OPINION**[1]

The plaintiff, Jonathan Ellis, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Supplemental Security Income ("SSI"). Ellis timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C § 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be reversed and remanded.

## **I. Procedural History**

Ellis has a high school education. (Tr. at 161). His past work includes operating a laser machine at a metal fabrication company, cooking in restaurants, and detailing cars. (*id.* at 26, 177). In his application for SSI, he alleged he

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

became disabled on November 1, 2014, as a result of back pain and numbness in his arm. (*Id.* at 40). After his claim was denied, Ellis requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 57). Following a hearing, the ALJ denied Ellis' claim. (*Id.* at 21-27). Ellis was 54 years old when the ALJ issued her decision. (*Id.* at 27, 40). After the Appeals Council denied review of the ALJ's decision (*id.* at 1-4), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001 (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Ellis commenced this action. (Doc. 1).

## II. **Statutory and Regulatory Framework**

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at § 416.920(a)(4)(i). If the claimant is engaged

2

in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at § 416.920(a)(4)(i) and (b). At the first step, the ALJ determined Ellis has not engaged in substantial gainful activity since January 14, 2015, the date of his application for SSI. (Tr. at 23).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at § 416.920(a)(4)(ii) and (c). At the second step, the ALJ determined Ellis has the following severe impairments: (1) cervical stenosis and spondylosis with radiculopathy and (2) neuropathy. (Tr. at 23).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled. *Id.* at § 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Ellis does not have an impairment or

3

combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 23-24).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 416.920(e). At the fourth step, the Commissioner will compare her assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at § 416.920(a)(4)(iv) and (e). If the claimant is capable of performing his past relevant work, the Commissioner will find the claimant is not disabled. *Id.* at § 416.920(a)(4)(iv). Before proceeding to the fourth step, the ALJ determined Ellis has the RFC to perform light work[2] with the following limitations: he can only frequently reach (including overhead), push and pull, handle, finger, and feel with both upper extremities; frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; and occasionally climb ladders, ropes, or scaffolds. (Tr. at 24-26). At the fourth step, the ALJ determined Ellis is unable to perform his past relevant work. (*Id.* at 26).

If the claimant is unable to perform his past relevant work, the Commissioner must finally determine whether the claimant is capable of

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and may require "a good deal of walking or standing . . . or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

4

performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v) and (g)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at § 416.920(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.* at § 416.920(a)(4)(v) and (g)(1). At the fifth step, considering Ellis' age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy, such as those of laundry folder, hand packager, and small parts assembler, that Ellis can perform. (Tr. at 27). Therefore, the ALJ concluded Ellis is not disabled. (*Id.*).

### III. <u>Standard of Review</u>

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court

5

must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. <u>Discussion</u>

On appeal, Ellis primarily argues the ALJ erred in discrediting his testimony regarding his pain and other subjective symptoms. (Doc. 14).

### A. Evaluation of Subjective Symptoms Testimony

A claimant may establish disability through testimony of pain or other

subjective symptoms. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). To do so, he must satisfy the three-part "pain standard," by showing (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain or other subjective symptoms arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or other subjective symptoms. *Id.*; *see also Taylor v. Acting Comm'r of Soc. Sec. Admin.*, 2019 WL 581548, at *2 (11th Cir. 2019) (citing *Dyer*, 395 F.3d at 1210); 20 C.F.R. § 416.929; SSR 16-3p. A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Brown*, 921 F.2d at 1236 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1552 (11th Cir. 1986)).

An ALJ may discredit a claimant's testimony regarding his pain or other subjective symptoms provided she clearly articulates explicit and adequate reasons for doing so. *Brown*, 921 F.2d at 1236; *Taylor*, 2019 WL 581548, at *2 (citing *Dyer*, 395 F.3d at 1210). In evaluating a claimant's testimony and other statements regarding the intensity, persistence, and limiting effects of his symptoms, an ALJ considers all available evidence, including objective medical evidence; the type, dosage, and effectiveness of medication taken to alleviate symptoms; and treatment

7

other than medication received to relieve symptoms. 20 C.F.R. § 416.929(c). However, objective evidence alone is not a sufficient basis on which to discredit a claimant's testimony regarding his symptoms. *Id.* at § 416.929(c)(2) (stating claimant's statements about intensity, persistence, or limiting effects of symptoms will not be rejected solely because objective medical evidence does not substantiate those statements); SSR 16-3p (same); *May v. Comm'r of Soc. Sec. Admin.*, 226 F. App'x 955, 959 (11th Cir. 2007) (noting ALJ cannot reject claimant's statements as to intensity and persistence of symptoms solely because they are not substantiated by objective medical evidence); *Sasnette v. Colvin*, 2015 WL 4459381, at *10-11 (N.D. Ala. July 21, 2015) (holding ALJ's negative credibility finding could not be affirmed because it relied solely on basis objective medical evidence did not substantiate claimant's statements). The Regulations indicate this is because symptoms sometimes suggest a greater severity of impairment that can be shown by objective medical evidence alone. *See* 20 C.F.R. § 416.929(c)(3).

Moreover, while failure to comply with recommended treatment is an appropriate consideration in evaluating a claimant's subjective testimony, an ALJ cannot draw an adverse inference from a claimant's non-compliance without considering explanations. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)); SSR 16-

8

3p. For example, poverty excuses a claimant's failure to comply with recommended treatment. *Ellison*, 355 F.3d at 1275 (citing *Dawkins*, 848 F.2d at 1213); SSR-16-3p.

Treatment notes and other evidence in the record indicate that while initially Ellis experienced tingling, numbness, swelling, and pain in his upper left extremity, he began to experience these symptoms in his upper right extremity, as well. (Tr. at 9, 174, 252-53, 274, 280-81, 296, 301, 311, 313, 319, 321). During the hearing, Ellis testified he left his last job, operating a laser machine at a metal fabrication company, because of the symptoms he was experiencing in his upper extremities. (Supp. Tr. at 5).[3] He also testified that because of these symptoms, he has such diminished grip strength in his right hand that he cannot open a jar; can only stand for approximately forty minutes; can only sit for approximately one hour before he needs to stand; has limited ability to reach above his shoulders; and cannot bend at the waist. (*Id.* at 7-10). According to Ellis, Dr. Terry Andrade, a neurosurgeon, told him the only way to sufficiently address the symptoms he experiences in his upper extremities is to have back surgery. (*Id.* at 6, 12).[4] Ellis gave equivocal testimony during the hearing about whether his parents would be

---

[3] The Commissioner filed a supplemental transcript because the transcript of the hearing before the ALJ was incomplete.

[4] An MRI of Ellis' cervical spine performed on December 2, 2014, revealed mild bony spinal stenosis at C3-4, mild myelomalacia, modest lower cervical spinal stenosis at C5-7, and moderate to severe bony cervical foraminal stenosis. (Tr. at 292). Thereafter, Dr. Andrade diagnosed Ellis with cervical spondylosis with radiculopathy. (*Id.* at 323).

able to pay for the surgery, given he has no health insurance. (*Id.* at 7, 12).[5] While Dr. Gary Allen Mellick, a neurologist, prescribed pain medication (Norco) to give Ellis relief from his symptoms, Ellis' pharmacy records do not show he ever filled the prescription, and Ellis told his internist, Dr. Daniel Mince, he could not afford the medicine. (Tr. at 205-08, 252, 275).

The ALJ determined Ellis' medically determinable impairments could reasonably be expected to cause some symptoms but that Ellis' statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely consistent with the medical and other evidence. (*Id.* at 25). Specifically, the ALJ found (1) Ellis' pharmacy records show he has not filled any prescription pain medication during the relevant period and (2) records from Dr. Andrade and Dr. Mince, dated February 16, 2016, and August 16, 2016, respectively, document essentially normal musculoskeletal findings. (*Id.*).

The ALJ does not address possible explanations for Ellis' failure to fill the pain medication Dr. Andrade prescribed – namely, his statement to Dr. Mince that he could not afford the medication. Therefore, the ALJ committed error in relying on Ellis' noncompliance with recommended treatment for the purpose of discrediting his testimony regarding his subjective symptoms. *See Ellison*, 355

---

[5] In September 2017, after the ALJ issued her decision but before the Appeals Council denied review, Ellis presented to Dr. Ghaith Ajamoughli, a family medicine practitioner, with complaints of numbness and pain in his right hand and pain in his lower back and right hip and reported he could not afford surgical intervention. (Tr. at 9).

F.3d at 1275 (citing *Dawkins*, 848 F.2d at 1213); SSR-16-3p. The error was not harmless because the ALJ did not articulate independently adequate reasons for discrediting the testimony. *See Ellison*, 355 F.3d at 1275 (holding ALJ's failure to consider claimant's ability to afford recommended medical treatment did not constitute reversible error where ALJ discredited claimant's allegations of disability based primarily on factors other than noncompliance with that treatment); *Beegle v. Soc. Sec. Admin, Comm'r*, 483 F. App'x 483, 487 (11th Cir. 2012) (citing *Ellison* for the general proposition). While the ALJ identified the inconsistency of Ellis' testimony with the objective medical evidence as another reason for discrediting the testimony, that inconsistency alone is not a sufficient basis for the determination. *See* 20 C.F.R. § 416.929(c)(2) and (3); SSR 16-3p; *May*, 226 F. App'x at 959; *Sasnette*, 2015 WL 4459381, at *10-11.[6]

### B. Appropriate Remedy

In *MacGregor*, the Eleventh Circuit held that where an ALJ fails to articulate reasons for discrediting a claimant's testimony regarding his subjective symptoms, that testimony must be accepted as true. 786 F.2d at 1054. In *Hale*, the court noted that implicit in *MacGregor's* holding is the requirement that articulated reasons for discrediting a claimant's testimony be supported by substantial

---

[6] While the ALJ stated Ellis' testimony was not entirely consistent with the medical and *other* evidence, she does not discuss evidence other than the pharmacy records and two discrete medical records in evaluating Ellis' symptoms.

11

evidence. 831 F.2d at 1012. Accordingly, the court held that where an ALJ's reasons for discrediting a claimant's testimony are not supported by substantial evidence, that testimony must be accepted as true. *Id.* The Eleventh Circuit has subsequently declined to apply the holding of *MacGregor* on the ground its decisions preceding *MacGregor* remanded cases upon finding an inadequate credibility determination. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 835 (11th Cir. 2011) (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984); *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982)); *Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 833 n.1 (11th Cir. 2011) (citing *Wiggins*); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000) (explaining that where two Eleventh Circuit panel decisions are in conflict, the earliest in time controls). On the persuasive authority of *Lawton* and *Davis*, remand is the appropriate remedy for the ALJ's error in evaluating Ellis' testimony regarding his pain. *See also Iheanacho v. Berryhill*, 2018 WL 4680173, at *2 (N.D. Ala. Sept. 28, 2018) (remanding case after concluding ALJ's negative credibility finding was not supported by substantial evidence). To the extent Ellis challenges the ALJ's determination of his RFC and failure to apply Grid Rules 201.10 and 201.12 (Doc. 14 at 12-13), it is not necessary to address those arguments given the ALJ's error in evaluating Ellis' subjective symptoms testimony warrants reversal and remand. *See id.* at *2 n.1 (determining it was unnecessary to address remaining issues raised

on appeal after concluding ALJ's negative credibility finding was not supported by substantial evidence); *Ross v. Comm'r of Soc. Sec.*, 2013 WL 5236680, at *7 n.2 (M.D. Fla. Sept. 17, 2013) (declining to address claimant's argument ALJ lacked good cause to give less than significant weight to medical opinion after concluding independent error required remand).

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is not in accordance with applicable law or supported by substantial evidence. Therefore, the decision is due to be reversed and remanded for further consideration. A separate order will be entered.

**DONE** this 23rd day of April, 2019.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE